{20 App. Div. 541.)

## SCUTT v. WOOLSEY.

(Supreme Court, Appellate Division, Second Department.   October 5, 1897.)

1. CONTRACT WITH AGENT—CONSTRUCTION.

Defendant's real property was heavily incumbered with back taxes. Under an act of the legislature she could, by paying them off by a given date, gain a rebate on interest. To accomplish this end, and underestimating the amount required, she employed plaintiff to procure a loan, on bond and mortgage "for $70,000 or $80,000," his commission to be 5 per cent. Later the amount was raised to $85,000. Plaintiff agreed to procure it in time for compliance with the act, and defendant assumed the expense of "procuring tax bills." Plaintiff in due time found a lender ready, able, and willing to furnish the $85,000. *Held*, that the agreement imposed no obligation upon either plaintiff or the proposed lender to obtain searches and estimates showing the exact amount of the taxes, and that the failure to do so did not relieve defendant from her liability for plaintiff's commissions.

2. SAME—ESTOPPEL.

*Held*, further, that defendant, having placed her refusal of the loan solely upon another ground, could not stand for the first time at the trial on a mere, clerical error in the bond and mortgage tendered for execution, which could have been readily remedied if objected to at the time.

3. INSTRUCTIONS—CONSTRUCTION.

The sufficiency of a proposition in a charge to the jury is to be determined in the light of its context.

Appeal from trial term.

Action by Frank W. Scutt against Kate T. Woolsey. From a judgment entered on the verdict of a jury, and from an order denying a motion to dismiss the complaint, and from an order denying a motion for new trial, defendant appeals.   Affirmed.

Argued before GOODRICH, P. J. and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

Charles Benner, for appellant.

A. T. Payne, for respondent.

GOODRICH, P. J.   The defendant was the owner of real estate in Long Island City, and employed the plaintiff to effect a loan thereon, under the following written agreement:

"F. W. Scutt, Esq., Long Island City—Dear Sir: I hereby authorize you to procure a loan on bond and mortgage of $70,000 or $80,000, as may be needed, at six per cent. interest, payable semiannually, with the usual interest and tax clauses, on my property known as the 'Casino Farm,' consisting of a tract of about 200 acres, located in the Fifth ward of Long Island City, consisting of 2,500 lots as shown on map, excepting certain specified lots, the same to be the first lien upon said premises, and said premises to be clear of any other incumbrance or tax. I agree to accept, at the value of $10,000, the row of buildings owned by the Riverhead Savings Bank as part payment of said mortgage. I agree to pay five per cent. as commission, out of which all searches of title and incidental expenses to be paid except the procuring of the tax bills, which expense, if any, I will pay. Said mortgage to run for three years, with permission to pay not to exceed $20,000 in each year on account of the principal. When such payments are made, releases must be given only upon receipt of one-half of the value of the premises to be released; said mortgagee to be paid $5 for the execution and delivery of each release.

"Kate T. Woolsey.
"F. W. Scutt.

"This money will be obtained in time for Mrs. Woolsey to take advantage of the law of 1895 in respect to taxes, or no commission will be charged.

"Dated, L. I. City, Aug. 16, 1895.                    F. W. Scutt."

The plaintiff subsequently negotiated a loan with the Riverhead Savings Bank for $80,000, which was afterwards increased to $85,000 at the request of the defendant. The defendant refused to accept the loan, or to execute the bond and mortgage, for reasons which will hereafter appear. The court submitted the issues to the jury, which returned a verdict for $4,225, but, at the suggestion of the plaintiff's counsel that his complaint demanded judgment only for 5 per cent. of the amount of the original loan, namely, $4,000, the verdict was reduced to that sum. A motion was made for a new trial, and, being denied, the defendant appeals from that order.

The plaintiff had been the owner of the property for over 25 years, during which time the taxes had accumulated to an amount supposed to be about $80,000, and it was for the purpose of raising money to pay off these taxes that the defendant applied for the loan in question. By an act of the legislature passed in 1895 (chapter 782, Laws 1895), all arrears upon the premises in question could be paid before September 1, 1895, at the nominal interest of 2 per cent., and provision was also made that the greater portion could be paid as late as December 31, 1895, at the same rate of interest; and there is ample evidence to show, as the language of the agreement itself imports, that the conditions of the contract were calculated to meet the requirements of this statute. When the contract was originally made, it seems to have been assumed by the parties that the larger sum named in the contract—$80,000—would be sufficient to pay the taxes and the 5 per cent. commission of the plaintiff, but an examination of the records disclosed the fact that this sum was insufficient, and accordingly the amount of the loan was increased to $85,000. As the defendant was to accept, at the value of $10,000, a row of buildings owned by the Riverhead Savings Bank as a part of the money to be covered by the mortgage, there was left to pay taxes only the sum of $75,000. Adding to this amount the $4,000 commission, it became evident that the loan was inadequate to clear the property of the incumbrances, and it is a fair inference from all the evidence in the record that it was for this reason alone that the defendant refused to complete the loan. She subsequently obtained from the Washington Insurance Company a loan of $90,000. It is not improbable, also, that the defendant repented of her bargain to purchase the row of buildings for the price named, and therefore sought occasion to refuse to complete the transaction. The refusal was, by herself and her attorney, based solely upon the ground that it was the duty of the bank and its attorney to obtain searches and estimates showing the exact amount of the taxes, which they had failed to do; and that, therefore, it was not made certain that the amount of the loan was sufficient to pay the agreed consideration for the row of houses, the taxes, and the commission, and that, until this was done, she was not legally obliged to accept the loan. We are thus brought to decide whose duty it was, under the contract, to furnish these searches and estimates. The defendant contends that it was the duty of the plaintiff or the bank, but I do not think such a construction is justified by the general language of the contract; and in this view I am confirmed by the peculiar language of the clause relating to commissions, by which the

plaintiff was to pay "all searches of title and incidental expenses * * * except the procuring of the tax bills, which expense, if any, I [the defendant] will pay." Without this clause, it would have been the duty of the defendant to discharge the premises from the lien of the taxes before the bank could be required to advance the money upon the loan, or to secure the bank for such payment; but the clause already stated gives additional force to this obligation on the part of the defendant, as the searches were to be procured for her, and at her expense. To my mind, the refusal to complete the loan indicates the desire and intention of the defendant to discover some pretext, however trivial, which would apparently justify her refusal to complete the loan. But this attempt, although fortified by the opinion of learned counsel, cannot be justified. The bank was "ready, able, and willing" to make the loan specified in the contract and in its subsequent modification, and, this being true, the plaintiff had complied with the terms of his contract, and was entitled to his commissions. This proposition meets the contention of the defendant's counsel that there was error in the charge of the learned judge below in stating that, in order to entitle the plaintiff to his commissions, he must establish the fact that he had procured a party "able and willing" to make the loan named in the contract. The learned counsel, in support of this proposition, excerpts a single sentence of the charge, unmindful of its context. The court distinctly charged, in the language of the case relied upon by the defendant's counsel (Ware v. Dos Passos [Sup.] 38 N. Y. Supp. 673), as follows: "If this bank was ready and willing and able to make this loan, you are obliged, in law, to find a verdict for the plaintiff for this amount." It is true that the court in the very next sentence charged, "The law is that, if he procured a corporation or person ready and willing to make the loan according to the terms of the contract," the plaintiff was entitled to recover; but the connection between this and the previous sentence, where the court had correctly stated the law, is so close that the two must be read together as one statement.

A further objection is made by the defendant that when the parties met to complete the loan there was no proper tender either of the amount of the loan or of the proper bond and mortgage; but there is testimony tending to show that the bank was ready and prepared with the necessary funds, and that the bond and mortgage had been prepared, and was presented to the defendant for execution. It does appear that while, by the terms of the contract, the loan was to be for three years, the condition of the bond provided for its payment in one year, and the mortgage provided for its payment in three years. It is probable that this difference was a clerical mistake, and it is sufficient answer to this contention that no such objection was made at the interview, that the attention of the parties was not drawn to the matter, and that the only objection made by the defendant to the completion of the transaction was that neither the plaintiff nor the bank had procured searches or estimates showing the exact amount of the taxes which were a lien upon the property, so that the defendant might know that the loan would provide her with funds adequate to their discharge. This, as we have already decided, was a duty in-

cumbent on the defendant, and not upon the plaintiff. We think the grounds of her refusal were a pretext, and not a just reason, for her action, and that her refusal to complete the loan cannot defeat the right of the plaintiff to the commissions named in the agreement.

The judgment is affirmed. All concur.